Filing # 74803480 E-Filed 07/11/2018 05:15:17 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

SHAWANA SANDERS and KENYATTA
WILLIAMS on their own behalf and on behalf
of all similarly situated individuals,

      Plaintiffs,

v.                                            Case No.:

GLOBAL RADAR ACQUISITION, LLC d/b/a
GLOBAL HR RESEARCH,
a foreign for-profit corporation,
f/k/a RADAR POST-CLOSING HOLDING
COMPANY, INC., f/k/a
GLOBAL HR RESEARCH, INC.,

      Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Shawana Sanders and Kenyatta Williams, by and through their attorneys, and on behalf of themselves and the putative class set forth below, and in the public interest, brings the following Class Action Complaint. In this Class Action Complaint, Plaintiff sues Defendant, Global Radar Acquisition, LLC d/b/a Global HR Research f/k/a Radar Post-Closing Holding Company, Inc. f/k/a Global HR Research, Inc. (collectively, hereinafter referred to as "Global HR Research" or "Defendant"), including its related entities, subsidiaries, predecessors and successors, under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

### PRELIMINARY STATEMENT

1.    Defendant, Global HR Research is a consumer reporting agency, providing employers with consumer reports, commonly referred to as "background checks," for employment purposes. Employers rely on these reports to make employment related decisions

on applicants and employees.

2.     A-1 Contract Staffing, Inc., Oasis Outsourcing Admin., Inc., Oasis Outsourcing Admin. II, Inc., Oasis Outsourcing Contract III, Inc., Oasis Outsourcing II, Inc., Oasis Outsourcing Contract VII, Inc., and Oasis Outsourcing HR, Inc. are professional employer organizations providing employee staffing and leasing services under the trade names "Oasis Outsourcing" and "A1 HR" (collectively, hereinafter referred to as "A1 HR"). A1 HR leases employees to their employer clients, providing an array of administrative services and insurance coverages. However, A1 HR's clients make their own hiring and firing decisions. A1 HR does not make the hiring and firing decisions for its clients.

3.     Naples Hotel Group, LLC (hereinafter, "Naples Hotel Group") operates hotels in several states. Naples Hotel Group used A1 HR's services, *i.e.* was an employer-client of A1-HR.

4.     A1 HR and Defendant, Global HR Research had a relationship wherein A1 HR's clients, *i.e.* employers, were permitted to use Global HR Research's online portal to obtain consumer reports for employment purposes.

5.     Defendant, Global HR Research had similar relationships with other professional employer organizations providing employee staffing and leasing services and other employers wherein Global HR furnished consumer reports for employment purposes through its online portal.

6.     The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the consumer reporting agency and user of the consumer report have complied with the statute's strict certification, disclosure, authorization and notice requirements. *15 U.S.C. § 1681b(a).*

2

7. Global HR Research willfully violated these requirements, in systematic violation of Plaintiffs' rights and the rights of other putative class members.

8. Global HR Research violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) by providing consumer reports used for employment purposes without certification from A1 HR's clients that they would abide by the FCRA's disclosure, authorization and notice requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

9. Based on the foregoing violations, Plaintiff asserts FCRA claims against Global HR Research on behalf of themselves and a class consisting of consumers whose consumer reports were furnished by Global HR Research without certification that the user would comply with the FCRA's strict disclosure, authorization and notice requirements.

10. In Count I Plaintiff asserts a FCRA claim against Global HR Research under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) on behalf of a "Certification Class" consisting of:

> **All employees and job applicants in the United States who were the subject of a consumer report furnished by Global HR Research that was provided without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3), within five years of the filing of this complaint through the date of final judgment in this action.**

11. On behalf of themselves and the putative class, Plaintiffs seek statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13. Individuals and class representatives, Plaintiffs, Kenyatta Williams and Shawana Sanders ("Plaintiffs") live in Florida, were employed by Naples Hotel Group, LLC, but were terminated from employment based upon the contents of their consumer report. Plaintiffs are members of the putative class defined below.

14. Defendant, Global HR Research is a consumer reporting agency as defined by 15

3

U.S.C. § 1681a(f) and provides consumer reports for employment purposes.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

16. Venue is proper in Lee County, Florida, because Defendant operate and are headquartered at 9530 Marketplace Road, Suite 301, Fort Myers, FL 33912.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

17. Congress has recognized consumer reporting agencies like Global HR Research have assumed a vital role in assembling information on consumers, and therefore implemented the FCRA to ensure credit reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *15 U.S.C. § 1681.*

18. In accordance with Congress' findings, a consumer reporting agency may only furnish a consumer report for employment purposes if the *user* has certified its compliance with 15 U.S.C. § 1681b(b)(2)(A) before the report is furnished and certifies future compliance with 15 U.S.C. § 1681b(b)(3), if applicable. *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).*

19. The certification requirement reads, in pertinent part:

> (1) **Certification from user** A consumer reporting agency may furnish a consumer report for employment purposes only if –
>
> (A) the person who obtains such report from the agency certifies to the agency that –
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable.
>
> *15 U.S.C. § 1681b(b)(1)(A)(i).*

20. A consumer reporting agency that furnishes consumer reports used for

4

employment purposes without receiving the requisite certification of FCRA compliance from the person obtaining the report is furnishing the consumer report unlawfully. *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).*

21.    Global HR Research furnished consumer reports to A1 HR, with knowledge A1 HR's employer/clients, not A1-HR used such consumer reports for employment purposes. However, Global HR Research furnished the consumer reports to A1 HR through a web based portal used by A1 HR's clients, without requiring A1 HR's clients, who were actually obtaining and using the consumer reports, to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.

22.    Global HR Research furnished consumer reports to A1 HR, with knowledge A1 HR's employer/clients, not A1-HR used such consumer reports for employment purposes. However, Global HR Research furnished the consumer reports to A1 HR through a web based portal used by A1 HR's clients, without requiring A1 HR's clients, who were actually obtaining and using the consumer reports, to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.

23.    Global HR Research similarly furnished consumer reports to other employers who were obtaining and using the consumer reports for employment purposes, without requiring them to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable

24.    The paragraphs referenced in § 1681b(b)(1)(A)(i) are the stand alone disclosure, written authorization and pre-adverse action notification requirements set forth in § 1681b(b)(2) and § 1681b(b)(3).

25.    The purpose of the certification requirement is to ensure users of consumer

reports for employment purposes follow the statutory framework Congress created to safeguard consumers' rights to privacy and information.

26.    It is flatly illegal for a consumer reporting agency to furnish a consumer report for employment purposes unless the consumer reporting agency has received the FCRA-mandated certification of compliance from the user. In fact, compliance with the certification requirement provides the *only* lawful means for a consumer reporting agency to furnish a consumer report for employment purposes. *15 U.S.C. § 1681b(a)*.

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

27.    Naples Hotel Group was an employer-client of A-1 HR but made its own hiring and firing decisions.

28.    Naples Hotel Group required Plaintiffs, Williams and Sanders to sign documents titled *Notice and Acknowledgement*, purportedly authorizing Naples Hotel Group to procure their consumer reports for employment purposes.

29.    On September 28, 2016 Naples Hotel Group used A1 HR's web based portal to obtain Plaintiff Williams's consumer report from Global HR Research. However, Naples Hotel Group never certified compliance with 15 U.S.C. § 1681b(b)(2)(A) or § 1681b(b)(3) before obtaining the consumer report from Global HR Research.

30.    Global HR Research furnished the consumer reports to Naples Hotel Group even though Naples Hotel Group had never certified compliance with 15 U.S.C. § 1681b(b)(2)(A) before obtaining the report or that it would comply with § 1681b(b)(3), if ever applicable.

31.    Despite having none of the requisite certifications of FCRA compliance, Global HR still furnished Naples Hotel Group with hundreds of consumer reports that were being used for employment purposes.

6

32.   Moreover, Naples Hotel Group could not have possibly certified compliance with § 1681b(b)(2)(A) because the *Notice and Acknowledgement* form, supplied by Global HR Research, did not satisfy the requirements of § 1681b(b)(2). Thus, the purported disclosure was also unlawful.

33.   Naples Hotel Group obtained Plaintiffs' consumer reports from Global Research and used the reports for employment purposes.

34.   Plaintiffs were terminated based upon the consumer reports Global HR Research unlawfully furnished to Naples Hotel Group. However, Plaintiffs were never provided pre-adverse action notification pursuant to § 1681b(b)(3), most likely because Naples Hotel Group never certified to Global HR Research it would provide such notification, if applicable, before obtaining Plaintiffs' consumer reports.

35.   Global HR Research furnished Naples Hotel Group with Plaintiff's consumer report. However, Global HR Research furnished the consumer report without any certification Naples Hotel Group, the "person" obtaining the consumer report, would comply with the disclosure, authorization and notification provisions set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

36.   Global HR Research unjustly enriched itself by unlawfully compiling Plaintiffs' personal, private and sensitive information and selling it without a permissible purpose. The injury of "unjust enrichment" has its roots in English common law. Causes of action for unjust enrichment were part of "the traditional concern of the Courts at Westminster." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 US 765, 774 (2000)(quoting *Coleman v. Miller*, 307 U.S. 433, 460 (1939).

37.   Global HR Research violated Plaintiffs' right to privacy by compiling their

7

personal, private and sensitive information into a consumer report and furnishing it to a third party, Naples Hotel Group, without a permissible purpose, since Global HR Research did not have the requisite certifications from Naples Hotel Group.

38.    Global HR Research violated Plaintiffs' right to privacy by compiling their personal, private and confidential information into a consumer report without a permissible purpose and selling it for a profit to a third party.

39.    Naples Hotel Group terminated Plaintiffs' employment based in whole or in part on the contents of their consumer reports.  However, Naples Hotel Group never provided Plaintiffs with pre-adverse action notice, a copy of their consumer report or summary of rights. Again, it is not surprising Naples Hotel Group failed to satisfy the requirements of § 1681b(b)(3) since Naples Hotel Group never certified to Global HR Research that it would comply with § 1681b(b)(3) before obtaining Plaintiffs' consumer report.

40.    If Plaintiffs had known Global HR Research was furnishing their consumer reports to Naples Hotel Group without a legal right to do so, Plaintiffs would not have permitted Global HR Research to furnish their consumer reports to Naples Hotel Group.

41.    If Plaintiffs had known Global HR Research was furnishing their consumer reports to Naples Hotel Group without a legal right to do so, and such consumer reports would be the basis for their termination, Plaintiffs would not have permitted Global HR Research to furnish their consumer reports to Naples Hotel Group.

42.    If Plaintiffs knew Global HR Research was profiting unlawfully from their consumer report, Plaintiffs would not have authorized Global HR Research to compile their personal, private and sensitive information for sale.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff asserts a claim against Global HR Research on behalf of a "Certification

Class" defined as:

> **All employees and job applicants in the United States who
> were the subject of a consumer report furnished by Global HR
> Research that was provided without the user's certification of
> compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. §
> 1681b(b)(3), within five years of the filing of this complaint
> through the date of final judgment in this action.**

44.     Numerosity:     The members of the putative class are so numerous that joinder of

all class members is impracticable.  Global HR Research furnished hundreds of consumer reports

to Naples Hotel Group alone.  Global HR Research regularly compiles consumers' personal,

private and sensitive information into consumer reports for sale to employers.  Plaintiffs are

informed and believe that during the relevant time period, tens of thousands of employees and

prospective employees, if not hundreds of thousands, satisfy the definitions of the putative class.

Based on the number of putative class members, joinder is impracticable.  The names and

addresses of the class members are identifiable through Global HR Research's records and

published class members may be notified of this action by mailed notice.

45.     Typicality:  Plaintiff's claims are typical of those of the members of the putative

class. Global HR Research typically furnishes consumer reports for employment purposes to

employers.  The FCRA violations suffered by Plaintiffs are typical of those suffered by other

putative class members because absent the requisite certifications, Global HR Research did not

have a permissible purpose to furnish the consumer report.

46.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the

putative class, and has retained counsel experienced in complex class action litigation.

47.     Commonality:  Common questions of law and fact exist as to all members of the

putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

    a.  whether Defendant furnished consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(2), before furnishing such reports;

    b.  whether Defendant furnished consumer reports for employment purposes without the user's certification of compliance with 15 U.S.C. § 1681b(b)(3), if applicable;

    c.  whether Defendant's violation of the FCRA was willful;

    d.  the proper measure of statutory damages; and

    e.  the proper form of relief.

48. This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Global HR Research. Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

49. This case is also maintainable as a class action because Global HR Research acted or refused to act on grounds that apply generally to the putative class.

50. Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct stems from common and

10

uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

**COUNT I**
**Failure to Obtain Certification Prior to Furnishing a**
**Consumer Report for Employment Purposes in Violation of 15 U.S.C. § 1681b(b)(1)(A)**

51.     Plaintiffs restate the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.     Global HR Research willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it provided consumer reports about Plaintiffs, which were used for employment purposes, without the user's certification of  compliance with the disclosure, authorization and notification requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

53.     Global HR Research invaded Plaintiffs' privacy by compiling Plaintiffs' personal, private and sensitive information into a consumer report for employment purposes, and furnishing said consumer reports without a permissible purpose.

54.     Global HR Research caused Plaintiffs injury because the reports Global HR Research furnished were used, in whole or in part, as the basis for an adverse employment action.

55.     Global HR Research caused Plaintiffs injury because Global HR Research

permitted the user of their consumer reports to circumvent the disclosure, authorization and notification requirements of the FCRA when using consumer reports for employment purposes by failing to require Naples Hotel Group to certify compliance therewith.

56.    The forgoing violations were willful. At the time Global HR Research violated 15 U.S.C. § 1681b(b)(1)(A), Global HR Research knew it was required to obtain certification of compliance with 15 U.S.C. § 1681b(b)(2) from Naples Hotel Group before furnishing Naples Hotel Group with consumer reports for employment purposes and certification with the notification requirements of 15 U.S.C. § 1681b(b)(3), if applicable. Global HR Research's willful conduct is also reflected by, among other things, the following facts:

a. Global HR Research knew of potential FCRA liability;

b. Global HR Research is a consumer reporting agency with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

c. The FCRA's certification requirement is clearly spelled out in the plain language of the statute;

d. Global HR Research knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

e. Global HR Research voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

57.    The Plaintiffs and the "Certification Class" are entitled to statutory damages of

12

not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

58.    The Plaintiffs and the "Certification Class" are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiffs, on behalf of themselves and the putative "Certification Class" pray for relief as follows:

      a.   determining that this action may proceed as a class action;

      b.   designating Plaintiffs as class representatives and designating Plaintiff's counsel as counsel for the putative class;

      c.   issuing proper notice to the putative class at Global HR Research's expense;

      d.   finding that Global HR Research committed multiple, separate violations of the FCRA;

      e.   finding that Global HR Research acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

      f.   awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

      g.   awarding reasonable attorneys' fees and costs as provided by the FCRA.

eFiled Lee County Clerk of Courts Page 13

## DEMAND FOR JURY TRIAL

Plaintiffs and the putative class demand a trial by jury.

Dated this 11th day of July, 2018.

MORGAN & MORGAN, P.A.

*/s/ Marc R. Edelman*
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
MEdelman@forthepeople.com

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802
Telephone 407.420.1414
Fax: 407.245.3401
RMorgan@forthepeople.com

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
AFrisch@forthepeople.com
*Attorneys for Plaintiff*

14