```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

SHAWANA SANDERS, on their
own and on behalf of all
similarly situated
individuals and KENYATTA
WILLIAMS, on their own and
on behalf of all similarly
situated individuals,

    Plaintiffs,

v.                           Case No: 2:18-cv-555-FtM-99NPM

GLOBAL RADAR ACQUISTION,
LLC,

    Defendant.

_____

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND CERTIFYING SETTLEMENT CLASS

This matter comes before the Court on plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #43) filed on June 28, 2019. After review of the parties' Settlement Agreement, Proposed Notice of Class Action Settlement, and having been fully advised in the premises, it is hereby

    **ORDERED:**

    1. Plaintiffs' Consent Motion for Preliminary Approval of Settlement and Notices to the Settlement Class (Doc. #43) is **GRANTED.**

    2. **Settlement**. Plaintiffs Shawana Sanders and Kenyatta Williams ("Plaintiffs"), on behalf of themselves and all

Settlement Class Members, and Defendant Global Radar Acquisition, LLC ("Global") (collectively, the "Settling Parties"), have negotiated a potential settlement of this action (the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement, including all claims which have been or could be asserted by Plaintiffs and/or other members of the Settlement Classes in the Action against Global and all of its respective past and present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, insurers, agents, and affiliated companies.

3. **Review.** The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

4. **Preliminary Approval.** The Settlement Agreement entered into by and among the Settling Parties has been negotiated at arm's-length and is approved on a preliminary basis as fair, reasonable, and adequate.

5. **Settlement Class Definition and Relief.** The proposed Settlement Class Relief to the Settlement Class Members, as

identified in Section 2.2 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

> All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of a consumer report furnished by Global HR for employment purposes to a client of A1 HR, Continuum, or Accesspoint between July 11, 2013 and January 11, 2019.

The parties expressly agree to this Settlement Class definition for settlement purposes. The Settlement Class consists of approximately 20,878 individuals.

6. The Court finds that certification of the Settlement Class is appropriate for settlement only, under Fed. R. Civ. P. 23(a) and (b)(3) because: (a) The Settlement Class is so numerous that joinder of all members is impracticable; (c) There are questions of law or fact common to the members of the Settlement Class; (d) The claims of Plaintiffs are typical of the claims of the other members of the Settlement Class; (e) Plaintiffs and are capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement; (f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (g) The Settlement Class is ascertainable; (h) Resolution of the claims in this Litigation by way of Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

7. **Designation of Class Representatives**. Plaintiffs Shawana Sanders and Kenyatta Williams are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Litigation.

8. **Designation of Class Counsel**. Attorneys Marc Edelman of the law firm Morgan & Morgan and Craig C. Marchiando of Consumer Litigation Associates, P.C. are hereby designated as Class Counsel for the Settlement Class.

9. **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held on **November 1, 2019 at 10:00 a.m.** at the United States District Court for the Middle District of Florida, Fort Myers Division, 2110 First Street, Fort Myers, Florida, 33901. The hearing will be set by separate notice at a later date. The Final Approval hearing will determine, among other things: (i) whether the Settlement of the Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out, from filing, commencing, prosecuting, intervening in, participating in (as class members or

otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and for a Service Award to Plaintiffs, should be approved. Such hearing may be reset to a later date than that in the Class Notices without requiring additional, subsequent notice to Class Members.

10. **Class Notice**.

(a) The Court approves the Class Notice in the Settlement Agreement, including the Long-Form Notice to be electronically mailed to all Settlement Class Members attached as Exhibit B to the Settlement Agreement and the manner of providing mail notice to Settlement Class Members described in Section 4 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that mail notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due,

adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b) The Notice shall be mailed within sixty (60) days of the date of this Order.

(c) No later than the sending of the Short-Form Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website"), which shall contain copies of the Complaint, the Settlement Agreement and Exhibits, the Short-Form Notice, the Long-Form Notice, and other documents about the Lawsuit. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.[url to be determined].com. The Settlement Website shall remain open and accessible through the expiration period of all issued Settlement checks. The Settlement Website also shall prominently display contact information for Class Counsel and shall direct all questions about the Class Settlement to Class Counsel.

(d) No later than 7 days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing the Settlement Website.

13. **Administrator**. The Court authorizes and directs the Parties to retain a Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to: (i) mail and provide Class Notice; (ii)

establish the Settlement Website; (iii) administer the Settlement Fund and provide settlement relief to Settlement Class Members; and (iv) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

14. **Exclusion from the Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to Class Counsel (or the Settlement Administrator), by first-class mail, postage prepaid, to the address provided in the Class Notice. Any such Request for Exclusion must be postmarked no later than sixty (60) days after the Mail Notice Date.

(a) To be valid, the Request for Exclusion must: (i) identify the case name; (ii) identify the name, address, and telephone number of the Settlement Class Member; (iii) be personally signed by the Settlement Class Member requesting exclusion; and (iv) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in Sanders v. Global Radar Acquisition, LLC, No. 2:18-cv-00555-UA-UAM."

(b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (i) files or has filed a separate

action against any of the Released Persons (as defined in the Settlement Agreement), or (ii) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c) Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Settlement Effective Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 3 of the Settlement Agreement.

(d) If the proposed Settlement is finally approved, any Settlement Class Member who has not submitted a timely, written request for exclusion or to opt-out from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Global or any of the Released Parties relating to any of the Released Claims.

15. **Objections and Appearances**. Any Settlement Class Member who has not filed timely written request for exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must

do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defense Counsel at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement. The written statement of objection must be postmarked no later than sixty (60) days after the Mail Notice Date.

| To Class Counsel: | To Global HR's Counsel: |
|---|---|
| Marc Edelman<br>Morgan & Morgan, P.C.<br>201 N. Franklin St., 7th Floor<br>Tampa, Florida 33602<br>P: (813) 577-4722<br>F: (813) 257-0572 | Pamela Q. Devata<br>Seyfarth Shaw LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606-6448<br>P: (312) 460-5882 |

(a) The requirements to assert a valid written objection shall be set forth in the Long-Form Class Notice, and shall include: (i) the case name and number; (ii) the name, address, telephone number of the person objecting and, if represented by counsel, of his/her counsel; (iii) a description of the specific basis for each objection raised; (iv) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (v) a statement of the objector's reason for believing he or she is a member of the Settlement Class; (vi) if the objector is represented by counsel, a statement as to the number of objectors in this case that counsel represents; (vii) if the objector's counsel expects to be paid other than by the objector client, a statement of counsel's proposed hourly rate and the

number of hours expended on the case through the filing of the objection; and (vii) a statement by objector's counsel of all class action cases — identifying cases by style — in which counsel has represented objectors in the past eighteen months.

(b) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Class Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

(c) Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (i) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice Of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline (as identified in Paragraph 15 above); and (ii) serves the Notice Of Intention To Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies

of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention To Appear in accordance with the deadlines and other specifications set forth in the Agreement, the Class Notice, and this Order will not be entitled to appear at the Final Approval Hearing to raise any objections.

16. **Releases**. If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper request for exclusion shall release the Released Persons from all Released Claims, as described in Section 3 of the Settlement Agreement.

17. **Attorneys' Fees and Expenses, and Service Awards**. Global agrees not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed thirty-three percent (33%) of the Settlement Fund. Global also agrees not to oppose the application for a Service Award of $5,000 for each Named Plaintiff for her work and assistance in this Action. Class Counsel shall file their motion requesting these awards no later than twenty-one (21) days before the Final Fairness Hearing, and

the Court shall permit Class Members who have filed valid written objections a period of 7 days to supplement their objections to respond to Class Counsel's motion for attorneys' fees and Service Awards. Class Counsel may respond to any objections not later than 7 days before the Final Fairness Hearing.

18. **Preliminary Injunction**. All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from directly or indirectly (i) asserting any of the Released Claims (as that term is defined in the Settlement Agreement) in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties.

19. **Service of Papers**. Class Counsel and Defense Counsel shall serve on each other and on all other parties who have filed notices of appearance or written objections, at or before the Final Approval Hearing, any further documents in support of the proposed

Settlement, including responses to any papers filed by Settlement Class Members.  Class Counsel and Defense Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court not later than 7 days before the Final Approval Hearing.  Any Motion for Final Approval should be filed not later than fifteen (15) days before the Final Approval Hearing.

20. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall

retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

21. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Global Radar Acquisition, LLC of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

22. **Necessary Steps**. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record